IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLO PAYNE,<br><br>**Plaintiff,**<br><br>v.<br><br>**AUTOMOBILE ACCEPTANCE CORPORATION,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>**1:19-CV-1870-JPB-CCB** |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court for consideration of its own order granting Plaintiff leave to file a motion for default judgment against Defendant Automobile Acceptance Corporation.

Plaintiff named two other Defendants in the complaint—Equifax Information Services, LLC and Trans Union, LLC—for a total of three. (Doc. 1). Both of those Defendants have settled, (Docs. 20, 23), and Automobile Acceptance Corporation is the only Defendant remaining. After the settlements—the last of which was on December 17, 2019—there was no activity in the case until August 3, 2020, when the Court ordered Plaintiff to show cause why the case should not be dismissed for want of prosecution. (Doc. 30). Plaintiff responded, appropriately

and forthrightly noted the delay that had occurred, and requested leave to file a motion for default judgment, (Doc. 33), which the Court granted, (Doc. 34). Plaintiff was afforded until August 26, 2020, to file a motion for default judgment. *Id.* at 3. To date, Plaintiff has not filed such motion.

The Court's Local Rules state that "[t]he Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if…[a] plaintiff…shall, after notice…fail or refuse to obey a lawful order of the Court in the case." LR 41.3(A)(2), NDGa. Additionally, Local Rule 41.3 also permits the Court to dismiss a case when a plaintiff fails to make the case ready for placement on the trial calendar. LR 41.3(A)(1); *see also McKelvey v. AT&T Tech., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). Furthermore, the Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with…a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). And the Eleventh Circuit has made clear that a district court may dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).

The Clerk entered default as to Automobile Acceptance Corporation over a year ago, on August 29, 2019. Plaintiff made no efforts to pursue further relief

against this Defendant until, in response to a show-cause order, he requested additional time to file a motion for default judgment. (Doc. 33). After being afforded time to file such motion, (Doc. 34), Plaintiff failed to take advantage of the very relief that he requested. Because Plaintiff has failed to obey a lawful order of the Court to file his motion for default judgment by August 26, 2020, and because he appears uninterested in pursuing this lawsuit against the only remaining Defendant that has not settled, the Court **RECOMMENDS** that his case be **DISMISSED** for want of prosecution.

This is a final Report and Recommendation, there are no other matters pending before the Court, and the Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED,** this 31st day of August, 2020.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE