UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLO PAYNE,<br><br>      Plaintiff,<br><br>v.<br><br>AUTOMOBILE ACCEPTANCE CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:19-cv-1870-JPB |

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("Report and Recommendation"). ECF No. 35. Having reviewed and fully considered the Report and Recommendation and related filings, the Court finds as follows:

## I.  BACKGROUND

On April 26, 2019, Plaintiff Marlo Payne ("Payne") filed a complaint against Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union") and Automobile Acceptance Corporation ("AAC"). ECF No. 1.

On August 28, 2019, Payne filed a motion for entry of default against AAC, and the Clerk entered AAC's default the next day. ECF No. 17.

On December 6, 2019, Trans Union was dismissed from the case. ECF No. 21.

On December 17, 2019, Payne and Equifax filed a Notice of Settlement, which indicated that the parties would file a joint notice of dismissal within sixty days. ECF No. 23. The parties failed to file the notice, and the case was thereafter dormant.

On August 3, 2020, the magistrate judge ordered Payne to show cause why the case should not be dismissed for want of prosecution. ECF No. 30. The Court noted that Payne had not filed a motion for default judgment against AAC and cautioned that failure to comply with the show cause order would result in a recommendation of dismissal. *Id.*

On August 17, 2020, Payne filed the stipulation of dismissal with Equifax and requested seven days to file a motion for default judgment against AAC. ECF Nos. 32, 33. The magistrate judge granted the request and allowed Payne until August 26, 2020, to file the motion. ECF No. 34. Payne did not file the motion by the deadline.

Accordingly, the magistrate judge recommends dismissing Payne's case for want of prosecution. ECF No. 35. The Report and Recommendation explains that the Court has authority to dismiss the case pursuant to its inherent power to manage its docket and under Federal Rule of Civil Procedure 41(b) and Local Rule

41.3, which allow dismissal for failure to prosecute a case or to comply with a court order. *Id.*

Payne objects to the Report and Recommendation, arguing that dismissal is a harsh sanction that should only be used in extreme situations. ECF No. 38. He does not contest that he failed to timely file the motion. *Id.* He concedes that he should have complied with the deadline while continuing to seek additional damages information. *Id.*

## II.    DISCUSSION

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any portion to which there is no objection under a "clearly erroneous" standard.

A party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the

purposes of the Magistrates Act." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009).

As set forth in the Report and Recommendation, it is well-settled that a district court may dismiss an action for want of prosecution if a plaintiff fails to comply with a lawful order of the court or is not diligent in prosecuting the case. *See, e.g.*, *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power' . . . vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). However, the Eleventh Circuit has cautioned that:

> the severe sanction of dismissal—with prejudice or the equivalent thereof—should be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff. Moreover, such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable. A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.

*McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (internal punctuation and citations omitted). *See also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) ("[A] dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: '(1) a party engages in a clear pattern of delay or

Case 1:19-cv-01870-JPB   Document 44   Filed 07/27/21   Page 5 of 5

willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'").

In this case, the Court cannot conclude on the facts before it that Payne's actions rise to the level of a "clear pattern of delay" or "willful contempt." Payne remained in communication with the Court by responding to the show cause order and filing the stipulation of dismissal. He further explained that he failed to comply with the order because he sought to include detailed damages information in his motion but underestimated the time necessary to obtain such information.

As such, the Court finds that it is appropriate to afford Payne one last opportunity to file the motion for default judgment against AAC. *See Betty K Agencies*, 432 F.3d at 1349 (vacating a dismissal in part because the Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible"). The Court will therefore not adopt the recommendation of dismissal.

Payne may file a motion for default judgment within two weeks of the date of this Order. Failure to comply with this Order *shall* result in dismissal of this action.

**SO ORDERED** this 27th day of July, 2021.

_____
J. P. BOULEE
United States District Judge

5